UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 10 CR 195 |
| ) | Judge Amy J. St. Eve |
| BRIAN HOLLNAGEL, ) | |
| BCI AIRCRAFT LEASING, INC., ) | |
| CRAIG PAPAYANIS, ) | |
| JASON R. HYATT, ) | |
| WILLIAM HATAMYAR, ) | |
| MARTIN COLLIER, and ) | |
| ROBERT CARLSSON ) | |

**AGREED PROTECTIVE ORDER**

Upon the agreement of counsel for the government and counsel for defendants BRIAN HOLLNAGEL; BCI AIRCRAFT LEASING, INC.; CRAIG PAPAYANIS; JASON R. HYATT; WILLIAM HATAMYAR; MARTIN COLLIER and ROBERT CARLSSON, it is hereby ORDERED as follows:

1. All materials produced by the United States in preparation for or in connection with any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, witness statements, memoranda of interview, and any documents or tangible objects (collectively, "the materials"), remain the property of the United States. Upon conclusion of the trial of this case and any direct appeals of this case or upon the earlier resolution of the charges against defendants, all of the materials and all copies made thereof must be destroyed or maintained under secure conditions by defense counsel, unless there is a specific request by the government for the return of particular materials.

2. All of the materials produced by the United States may be utilized by defendants, defendants' counsel, and employees and agents of defendants' counsel solely in connection with the defense of this case and for no other purpose.

3. Defendants' counsel and defendants shall not disclose the materials directly or indirectly to any other person except persons employed by or agents working with defense counsel

to assist in the defense, persons who are interviewed as potential witnesses, persons who are consulted as potential and/or retained experts during the course of the litigation of this case, and/or such other persons to whom the Court may authorize disclosure (collectively "authorized persons").

4. The materials produced by the United States shall not be copied or reproduced by defense counsel or defendants either directly or indirectly unless they are copied for use by authorized persons to assist in the defense, and in that event, such copies and reproductions must be treated in the same manner as the original matter.

5. Before providing the materials to an authorized person, defendants' counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement that represents that the authorized person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the later of: (a) the trial or other resolution of this case; and (b) any direct appeal. Defense counsel shall make the signed statements of each authorized person available to the government as required by the Federal Rules of Criminal Procedure, the local criminal rules of the Northern District of Illinois and/or Court order.

6. The restrictions set forth in this Order do not apply to the United States, documents that are (or become) public record, or documents or information obtained by any defendant from a source other than the materials produced by the United States.

7. This Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

8. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order.

ENTER:

_____
Amy J. St. Eve
United States District Judge

Dated:  September 21, 2010